[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT LIONETTI'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO REARGUE
Before the court is the motion for summary judgment filed by the defendant Joseph B. Lionetti on June 14, 2000. The defendant claims to be entitled to summary judgment on the ground that the automobile accident from which this action arises occurred on or about September 9, 1993, and that the action is therefore time barred by the two year statute of limitations. The defendant further claims that this action cannot be saved by the accidental failure of suit statute, General Statutes §52-592.
In support of his motion, Lionetti relies on and incorporates the memorandum of law filed by the other defendants, Clayton S. McCarthy and Connecticut Hospital Management Corporation, in support of their motion for summary judgment. Lionetti further relies on and incorporates the memorandum of law filed by the defendants in the companion case ofFreeman v. King, Docket No. 118911, in support of their motion for summary judgment. The plaintiffs filed a memorandum of law in opposition to Lionetti's motion for summary judgment on June 19, 2000. The plaintiffs' arguments in their memorandum of law are substantially identical to those filed in opposition to the other defendants' motions for summary judgment in the two cases.
There has been no oral argument of the present motion for summary judgment. Instead, Lionetti has submitted a "motion to reargue", requesting that the court modify its memorandum of decision dated November 9, 2000, granting the other defendants' motion for summary judgment. Specifically, Lionetti has requested that the memorandum of decision be corrected to reflect the fact that he did, in fact, file a motion for summary judgment. Lionetti has also requested that his motion for summary judgment be granted together with the other defendants' motions for summary judgment. The plaintiffs have waived their right to file any additional briefs as well as their right to oral argument on Lionetti's motion for summary judgment and motion to reargue.
Because the briefs are substantially identical to those presented on the previous motions for summary judgment, in this case and the companion case, there is no need for the court to repeat its analysis. The CT Page 1185 defendant Joseph B. Lionetti's June 14, 2000 motion for summary judgment is granted for the reasons set forth in the court's November 9, 2000 memorandum of decision (corrected on even date herewith).
Martin, J.